IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIK H.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 6:21-cv-01582-HZ

OPINION & ORDER

Betsy R. Shepherd
425 Riverwalk Manor Dr.
Dallas, GA 30132

    Attorney for Plaintiff

Kevin C. Danielson
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Jeffrey E. Staples
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Erik H. brings this action seeking judicial review of the Commissioner's final decision to deny Child's Social Security Disability Insurance benefits. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The Court remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for Child's Social Security Disability Insurance benefits based on his father's earnings record on January 9, 2017, alleging an onset date of October 31, 1980. Tr. 109.[2] His application was denied initially and on reconsideration. Tr. 146–49, 156–57.

On March 19, 2019, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 45. On April 17, 2019, the ALJ found Plaintiff not disabled. Tr. 134. On July 28, 2020, the Appeals Council vacated the ALJ's decision and remanded the case for the resolution of specific issues. Tr. 142.

On December 17, 2020, Plaintiff appeared with counsel for a second hearing before a different ALJ. Tr. 28. On January 19, 2021, the second ALJ found Plaintiff not disabled. Tr. 20. The Appeals Council denied review. Tr. 1.

///

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 9.

2 – OPINION & ORDER

**FACTUAL BACKGROUND**

Plaintiff alleges disability based on "autism, adhd, sleep disorder, epilepsy, expressive and receptive language disability, and short-term memory loss." Tr. 382. Plaintiff alleges that these conditions have existed since his birth. Tr. 420.

**SEQUENTIAL DISABILITY EVALUATION**

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the adjudicative period, October 31, 1998, and October 31, 2002.[3] Tr 17. Next, at step two, the ALJ concluded that Plaintiff did not have any severe impairment or combination of impairments. Tr. 17–18. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 20.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a

---

[3] Because Plaintiff is seeking Child's Disability Insurance benefits and is over the age of 18, Plaintiff must demonstrate that he shad a disability between ages 18 and 22. *See* Tr. 142 (citing 20 C.F.R. § 404.350(a)(5)).

whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues that the ALJ erred in finding Plaintiff not disabled during the relevant period. Pl. Br. 8. More specifically, Plaintiff alleges that the ALJ erred in (1) improperly rejecting evidence in the record, (2) failing to follow agency rules regarding onset date, and (3) failing to follow the Appeals Council remand order. *Id.* Through these arguments, Plaintiff essentially argues that the ALJ erred in finding Plaintiff's impairments nonsevere at step two. The Court agrees.

At step two, the ALJ determines whether the claimant's medically determinable impairment or combination of impairments is severe. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Step two is a *de minimis* screening device used to dispose of groundless claims. *Bowen,* 482 U.S. at 153–54. An impairment is severe if it "significantly limits the claimant's ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment is not severe if it is merely a 'slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting SSR 96-3p). If the ALJ identifies at least one severe impairment, the analysis proceeds, and the ALJ is to take into account all of

the claimant's limitations, regardless of whether they are severe or nonsevere. *Howard ex. rel Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citing 20 C.F.R. § 416.923. Therefore, even if the ALJ fails to identify a severe impairment at step two, the error is harmless so long as he considers all of the claimant's impairments at subsequent steps of the analysis. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Graybeal v. Astrue*, No. 3:10–cv–06387–PK, 2011 WL 6019434, at *6 (D.Or. Nov. 2, 2011) ("An ALJ's erroneous finding that an impairment is nonsevere constitutes harmless error, however, if the ALJ resolves step two in the claimant's favor and properly considers limitations imposed by the impairment at other steps of the sequential process.").

Here, the ALJ concluded that Plaintiff did not have a severe impairment at step two and ended the sequential analysis. The ALJ found that Plaintiff had medically determinable impairments prior to age 22, including autism spectrum disorder, attention deficit hyperactivity disorder, and a mood disorder. Tr. 17. The ALJ also acknowledged that Plaintiff alleged he could not work due to the effects of his conditions since birth and briefly discussed some of the medical and academic evidence in the record from Plaintiff's childhood and adulthood. Tr. 18–19. But he ultimately relied on the testimony of a medical expert at the hearing to determine that Plaintiff did not have a severe impairment between ages 18 and 22. Tr. 19. As the ALJ noted, the medical expert testified that there were "insufficient medical records to render [an] opinion" as to Plaintiff's mental functioning during the adjudicative period. Tr. 19. In addition, the ALJ noted the non-medical evidence available during the adjudicative period consisted of academic records showing "mixed" grades. Tr. 19. In light of this evidence, the ME's testimony, and the lack of contemporaneous medical evidence, the ALJ stated that he would not speculate as to Plaintiff's functioning and found Plaintiff's conditions nonsevere.

6 – OPINION & ORDER

The ALJ erred in making this finding. First, the ALJ erroneously required Plaintiff to provide contemporaneous evidence of his mental functioning during the adjudicative period and failed to address probative evidence of Plaintiff's functioning from before and after the relevant period. Indeed, in determining the disability onset date, Social Security Ruling 18-1p allows the ALJ to "reasonably infer the date that the claimant first met the statutory definition of disability based on the medical evidence in the file." *See also* SSR 18-1p ("The date we find that the claimant first met the statutory definition of disability may predate the claimant's earliest recorded medical examination or the claimant's earliest medical records."). But in this case, the ALJ largely ignored evidence in the record from which he could infer Plaintiff had a severe impairment during the adjudicative period. Evaluations from therapists early in Plaintiff's childhood reflect difficulty focusing, poor organizational skills, problems accessing information, breakdowns with small academic challenges, and extreme sensitivity to sounds. Tr. 489, 492–93, 497 (speech therapy evaluations from age nine). In an evaluation at age fifteen, Plaintiff was diagnosed with developmental disorders, a language disorder, and anxiety disorder. Tr. 517. A letter from Plaintiff's mother similarly reflects early childhood difficulties, including hypersensitivity to textures, sounds, and noise; difficulty following directions; and social issues. Tr. 461–63. She describes extensive tutoring during primary school, enrollment in a school for children with learning disabilities, and assistance completing and turning in homework. Tr. 462–63.

Difficulties continued for Plaintiff as a young adult. According to his mother, social difficulties and struggles with organization and focus continued during and after college. Tr. 463. Plaintiff did poorly in classes when he did not have significant help outside of class and was unable to hold a job or live on his own. Tr. 463. He required assistance from his parents in self-

care and school. Tr. 463. Medical evaluations demonstrated difficulties in young adulthood, including a long history of problems associated with learning, attention, concentration, and social relatedness. Tr. 706. Dr. Schureman, a psychologist who treated Plaintiff in the three years immediately following the adjudicative period, opined that Plaintiff had "multiple overlapping neurodevelopmental disorders that include a wide spectrum of processing, language, motor, cognitive, affective, perceptual, and behavioral output disorders." Tr. 692. According to the evaluations of Dr. Schureman and Dr. Kleber, Plaintiff's conditions are so severe that they are disabling and will never change. Tr. 697 (summarizing treatment from 2002 to 2005 and concluding that Plaintiff "will never be able to support himself," "requires considerable external support," and will never be able to live independently), 698 (finding Plaintiff's "thoroughly documented case . . . demonstrates a lifetime of neurological disability"), 720 ("Autism Spectrum Disorder is a neurodevelopmental disorder that has impaired [Plaintiff's] functional capacities since birth, and is not amenable to any level of change at any point in his future life experiences."). Dr. Kleber also specifically opined that Plaintiff met the listing criteria for autism spectrum disorder prior to Plaintiff's twenty-second birthday. Tr. 714. And Dr. Breinstein—the clinical psychologist the Appeals Council specifically instructed the ALJ to address on remand—opined that Plaintiff has marked limitations in sustaining attention and concentration, interacting with others, and adapting to changes in routine or work like settings. Tr. 707. The ALJ did not give sufficient reasons for discounting this evidence. Indeed, the ALJ failed to discuss this evidence at all. Accordingly, the ALJ's finding at step two is not supported by substantial evidence.

   The ALJ's decision also reflects a fundamental misunderstanding of autism spectrum disorder. As Dr. Kleber noted, autism spectrum disorder is a neurodevelopmental disorder that

has impaired Plaintiff's life since birth. Tr. 720; *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental* Disorders § 299.00 (5th Ed. 2013) ("The essential features of autism spectrum disorder are persistent impairment in reciprocal social communication and social interaction (Criterion A), and restricted, repetitive patterns of behavior, interests, or activities (Criterion B). These symptoms are present from early childhood and limit or impair everyday functioning."). At the first hearing, Dr. Kleber specifically testified that Plaintiff's present-day functioning has been consistent throughout his life: "I can absolutely state with 100% certainty that what we're seeing today was—existed in those early—all the way through his life and then, of course, into his early—late teens, early 20 years." Tr. 55. And, in a related claim for SSI benefits, Plaintiff was found to meet the Listings for this condition. Tr. 84–98. In light of the nature of Plaintiff's condition and the evidence in the record, it was unreasonable for the ALJ to conclude that a lack of contemporaneous evidence during the adjudicative period rendered any finding that Plaintiff's impairment has more than a minimal effect on his functional capacity speculative. Accordingly, the ALJ erred in ending his analysis at step two.

  The proper course in this case is to remand the case for further proceedings. Plaintiff seeks a remand for benefits, arguing Plaintiff's "mental impairments met or equaled listings 12.06 and/or 12.10 during the relevant period[.]" Pl. Br. 8. But the ALJ stopped his analysis at step two and did not proceed to step three. The Court declines to do so in the first instance. The ALJ also failed to address most of the probative evidence, from which the ALJ must formulate Plaintiff's residual functional capacity during the adjudicative period. Accordingly, the Court remands this case for further proceedings to complete the sequential analysis.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for further administrative proceedings.

IT IS SO ORDERED.

DATED:_____June 2, 2023_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge